# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

| | |
|---|---|
| TOMMY W. DIXON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:07CV431-HEH |
| | ) |
| MRS. SGT. JONE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION
### (Dismissing Claims Against Lawrenceville Correctional Center and the Assistant Warden of Lawrenceville Correctional Center and Directing Service on Defendant Jone)

Plaintiff, a Virginia inmate, brings this 42 U.S.C. § 1983 action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

### Preliminary Review

The Court is required to dismiss any action or claim filed by a prisoner if it determines the action or claim (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). "A motion to dismiss under Rule 12(b)(6) tests

the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are assumed to be true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46. In *Twombly*, the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 1965 (citation omitted), to one that is "plausible on its face," *id.* at 1974, rather than "conceivable." *Id.* Therefore, in order for a claim or

complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations and Claims

At all times relevant to the Complaint, Plaintiff has been incarcerated in the Lawrenceville Correctional Center ("LCC"). In May of 2007, Plaintiff informed Sergeant Jone that a gang of inmates was conspiring with a correctional officer to smuggle drugs into LCC. Sergeant Jone then informed the gang of inmates that Plaintiff had made allegations against them. The gang of inmates seized Plaintiff's property, obtained his family's address, and told Plaintiff that his family would be killed unless they sent the inmates $350 a week. Subsequently, Plaintiff was placed in segregation. Plaintiff fears for his life, because Sergeant Jone still has access to him in segregation.

Plaintiff names Sergeant Jone, LCC, and the Assistant Warden of LCC as defendants. Plaintiff demands monetary damages and injunctive relief.

## Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). LCC is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969). Accordingly, all claims against LCC will be dismissed. Although the Assistant Warden of LCC is a "person" for purposes of § 1983, his name does not appear in the body of the Complaint. Plaintiff thus fails to specify, as he must, how the Assistant Warden of LCC personally participated in the alleged deprivation of his rights. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (noting that the doctrine of *respondeat superior* is inapplicable to § 1983 actions). Accordingly, all claims against the Assistant Warden of LCC will be dismissed. The action will proceed solely on Plaintiff's claim against Sergeant Jone.

An appropriate Order will accompany this Memorandum Opinion.

                                                  /s/
                                        Henry E. Hudson
                                        United States District Judge

Date: Dec. 6, 2007
Richmond, Virginia